No. 3600.

(Court of Appeal, Parish of Orleans.)

IKE SCHIMSKY vs. BERNSTEIN & HURWITZ.

Appeal from Civil District Court, Division "E."

E. Pomes and A. J. Rossi, for Plaintiff and Appellee.

B. Titche, for Defendant and Appellant.

Our appreciation of the evidence as a whole leads to the conclusion, that the parties' minds united on a contract which the plaintiff violated without good cause.

DUFOUR, J. The plaintiff sues to recover a deposit of $300.00 made by him to bind a sale of the fixtures and credits of defendant's establishment, in the event that the parties should come to an agreement about terms and conditions of the deal.

He avers that no such agreement was reached while the defendant urges that there was.

The first tentative arrangement was on the basis of a percentage of 80 per cent. for the credits, and it fell through.

Negotiations were subsequently renewed on the basis of a price of 50 per cent. for the credits, and, after preliminary conversation, the plaintiff and his attorney, Mr. Rossi, met the defendant, Hurwitz, at the office of the latter's attorney, Mr. Titche.

They there held a session of four or five hours discussing the various phases of the transaction, and, according to Mr. Titche, he prepared a memorandum embodying the definite and final verbal agreement of the parties, which, it was understood would be signed by them on the next day.

On that day Schimsky refused to sign the contract, and in his petition and testimony assigns as a reason for his refusal that defendants failed to give him the list of creditors so that he might accept or reject them, respectively, in accordance with his idea

of their solvency. Yet, on cross examination, he admits that he was prevented from signing the contract by the fact that he had a quarrel with the party who was to become his partner in the transaction.

Mr. Rossi, plaintiff's attorney, admits that, at the interview at Mr. Titche's office, an agreement had been practically reached which the parties were to sign the next day, and that one of the causes assigned for not doing so was the misunderstanding between Schimsky and his intended partner.

The defendant swears that a list of creditors was furnished, and that all the conditions of the contract were agreed upon.

We are informed that the district judge held that there was no *aggregatio mentium* between the parties, and therefore gave judgment for plaintiff.

The trend of the testimony, in our appreciation, shows the opposite and leads us to the conclusion that there was a contract which plaintiff violated without good cause.

Judgment reversed, and plaintiff's demand rejected at his cost in both courts.

February 6th, 1905.

ON APPLICATION FOR REHEARING.

DUFOUR, J. The application for rehearing urges on our attention two propositions, which are stated as follows in plaintiff's brief:

1st. "The result of the conference in Mr. Titche's office was not binding upon the parties, for the reason that it was agreed that it should be reduced to writing, and signed by the parties, an understanding from which any one has the right to recede before signing."

2nd. That we "have entirely ignored the testimony of Mr. Rossi and Schimsky as to a second agreement that took place in

124

the office of Mr. Rossi, about a month after the conference in Mr. Titche's office."

## I.

This is apparently an afterthought; no mention of any such point is to be found in the petition, and none was made at the original hearing.

In answer, it is sufficient to say that the testimony as a whole confirms our original view that no agreement in writing was contemplated when the deposit was made and that no reduction to writing was decided upon until after a final verbal agreement had been reached.

We have not ignored the testimony in regard to what is called the second agreement in Mr. Rossi's office one month after the conference in Mr. Titche's office.

We simply hold that what took place afterwards cannot affect the antecedent forfeiture of the earnest money which we find legally warranted by the previous refusal to abide by the contract.

According to the testimony, the most that can be claimed is that the money was to be applied in part to the payment of the purchase price, if a new agreement was reached by the parties when negotiations looking to the purchase were re-opened.

Failing in this, the original *status* remained.

Rehearing refused.

March 20th, 1905.